# Wagner, Appellant, *v.* Philadelphia Rapid Transit Company.

*Negligence—Street railways—Persons caught between opposite bound cars—Case for jury.*

1. The failure to anticipate negligence which results in injury is not negligence and will not defeat an action for the injury sustained. No one can complain of want of care of another where care is only rendered necessary by his own wrongful act.

2. Where cars bound in opposite directions are standing discharging passengers at the near sides, respectively, of a street intersection, a pedestrian is not required to wait until both cars have passed over the crossing before attempting to cross.

3. In an action against a street railway company to recover dam-

ages for personal injuries sustained by a pedestrian as the result of being caught in the space between cars bound in opposite directions on a double track line, the case was for the jury and a compulsory nonsuit was erroneously entered where it appeared when plaintiff started to cross the street the cars were standing discharging passengers at the near sides, respectively, of the street intersection; that when he was between the two tracks the car on the far track started and suddenly stopped, blocking the crossing, and while he was passing around the rear of this car the other approached without warning and wedged him in the narrow space between the cars.

4. In such case the plaintiff was not bound to anticipate the negligent act of the motorman of the car on the near track in failing to look in the direction in which his car was approaching and to keep it under the proper control.

Argued Jan. 6, 1916. Appeal, No. 126, Jan. T., 1915, by plaintiff, from judgment of C. P. No. 2, Philadelphia Co., Sept. T., 1913, No. 3857, refusing to take off nonsuit in case of Charles B. Wagner v. Philadelphia Rapid Transit Company. Before MESTREZAT, POTTER, STEWART, FRAZER and WALLING, JJ. Reversed.

Trespass to recover damages for personal injuries. Before SULZBERGER, J.

The opinion of the Supreme Court states the facts.

The lower court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was in refusing to take off the nonsuit.

*Joseph H. Taulane,* with him *Joseph Singer,* for appellant.—The position of the plaintiff was rendered perilous by negligence of the motorman which plaintiff could not have anticipated: Kennewig v. Pittsburgh Rys. Co., 239 Pa. 250; Fenner v. Wilkes-Barre & Wyoming Val. Traction Co., 202 Pa. 365; Warner v. Peoples St. Ry. Co., 141 Pa. 615; Iaquinta v. Citizens

Traction Co., 166 Pa. 63; Cannon v. Pittsburgh & Birmingham Traction Co., 194 Pa. 159; Wechsler v. Pittsburgh Rys. Co., 247 Pa. 96; Oyer v. Lehigh & New England R. R. Co., 248 Pa. 577.

*Bernard J. O'Connell,* for appellee.—The plaintiff was contributorily negligent in attempting to cross under the circumstances: Underwood v. Pittsburgh Rys. Co., 238 Pa. 332; Kerbaugh v. U. S. Express Co., 58 Pa. Superior Ct. 550; Cornell v. Pittsburgh Rys. Co., 54 Pa. Superior Ct. 230.

The plaintiff's story is impossible of belief: Carroll v. Penna. R. R. Co., 12 W. N. C. 348; Cunningham v. Philadelphia Rapid Transit Co., 240 Pa. 194; Armstrong v. Consolidated Traction Co., 216 Pa. 595; McCabe v. Bessemer & Lake Erie R. R. Co., 245 Pa. 573.

OPINION BY MR. JUSTICE MESTREZAT, February 14, 1916:

This is an appeal from the judgment of a compulsory nonsuit entered in an action brought to recover damages for injuries resulting from the alleged negligence of the defendant company.

The accident occurred at the intersection of Arch and Thirteenth streets, Philadelphia. The defendant operates a double street car line on Arch street and a single line on Thirteenth street. The cars run east on the south track on Arch street and west on the north track. The plaintiff intending to cross Arch street was standing on the curbstone at the northwest corner of the two streets. He saw a yellow car approaching from the west and a green car approaching from the east. Both cars stopped at the usual place when they arrived at Thirteenth street. The plaintiff then started to cross to the southwest corner of Arch street. When he reached the westbound track he saw that the green car was standing and discharging passengers, and that the yellow car had started east. He proceeded to cross the

track, and when he was in the space between the two tracks the yellow car suddenly stopped with about three-fourths of its length on Thirteenth street and one-fourth still on Arch street.  He then looked toward the green car, and it was standing on the east side of Thirteenth street.  He turned to the west to pass around the rear end of the yellow car, and after he had taken one or two steps the green car came upon him, and he was injured by being wedged in the narrow space between the two cars.  This is the testimony of the plaintiff as to how the accident happened.

The plaintiff was corroborated by a witness who was on the northwest corner of the intersecting streets, and intended crossing Arch street. The witness saw the plaintiff when he was on the curbstone waiting to cross the street. She testified that at that time both cars had stopped and were discharging passengers.  She said that when the plaintiff was in the space between the two tracks the yellow car started and suddenly stopped, that when it started the westbound car was standing on the opposite side of Thirteenth street.  She also testified that the motorman of the green car was looking north toward the door of his car and did not see the plaintiff when he was between the two tracks, and that she did not hear any bell or gong or any notice of the approach of the green car.

This is the testimony submitted by the plaintiff to sustain his cause of action.  He avers that the defendant's motorman was negligent in operating the car at a high rate of speed and in failing to give notice or warning of the approach of the car.

The remarks made by the learned judge of the court below when he granted the nonsuit would seem to indicate that he thought the plaintiff guilty of negligence in attempting to cross the street before both cars had passed Thirteenth street.  He does not state his views as to the negligence of the motorman on the green car.  In fact, the trial judge's remarks show that he entered the

judgment upon his theory of the case and not upon the testimony of the witnesses. We think it was manifest error to withdraw the case from the jury. The negligence of the defendant's motorman and of the plaintiff, and the credibility of the witnesses were for the jury and not for the court. There was nothing self-contradictory in the testimony of either witness, and if they were believed by the jury there was ample evidence to sustain the plaintiff's contention that his injuries resulted solely from the defendant's negligence.

We do not agree with the learned judge that, under the testimony, he could say, as a matter of law, the plaintiff before crossing the street was required to wait until both cars had passed over the crossing. The plaintiff looked in the direction of both cars, and they had stopped and were discharging passengers, before he attempted to cross. The green car was at least forty feet east of him at the time. He continued to look and saw that the green car remained standing until he had crossed the westbound track and was between the two tracks awaiting the departure of the yellow car which started before the green car had left its place on the opposite side of Thirteenth street. It is clear, therefore, that the plaintiff would have passed over both tracks before the green car could have reached the west side of Thirteenth street had it not been for the sudden stopping of the yellow car. In other words, the plaintiff, up to the time he reached the second track on which the yellow car stood, had exercised the care required of him, under the circumstances, in attempting to make the crossing. It is also apparent that when he was on the curbstone he could have had no reason to anticipate any danger in crossing by being struck by the green car or crushed between it and the yellow car. Hence, the circumstances did not require him to remain longer on the curbstone on the north side of Arch street before making the crossing. The evidence does not seem to disclose any negligence on his part. After he arrived at the second track he was

not unmindful of his duty to look out for the green car. He saw that it was still standing after the yellow car had started and suddenly stopped and just before he turned his back and started to pass around the rear of the yellow car. The jury might well find that this was his only means of escaping the danger of being crushed between the two cars or in being struck by the green car if he attempted to retrace his steps to the north side of Arch street. Finding himself in this perilous position he acted at once and certainly did what an ordinarily prudent man would have done under the circumstances, viz: attempt to avoid being crushed between the two cars by passing in the rear of the yellow car to the pavement on the south side of the street. At least, we think, a jury would be justified in so finding. The sudden stopping of the yellow car put the plaintiff in a position of danger from which he was manifestly trying to extricate himself when he was overtaken and crushed by the green car.

The green car stopped to receive and discharge passengers on the east side of Thirteenth street. It remained there, according to the evidence, until the yellow car had started and suddenly stopped and the plaintiff was attempting to pass to its rear. The green car was then on the east side of Thirteenth street and about forty feet from the place of the accident. The plaintiff and the yellow car were in plain view of the motorman on the green car if he had been looking in the direction in which his car was about to proceed. When the plaintiff was compelled to turn his back to the green car in order to extricate himself from the danger which confronted him, he was not required to anticipate that he might be run down or injured by the negligent act of the motorman in the management of the green car. The failure to anticipate negligence which results in injury is not negligence and will not defeat an action for the injury sustained. A party is not bound to guard against the want of ordinary care on the part of another; he has a right to presume that ordinary care will be used to protect him and

his property from injury.  No one can complain of want of care in another where care is only rendered necessary by his own wrongful act: Philadelphia & Reading R. R. Co. v. Hummell, 44 Pa. 375, 379.  It is an inference from the evidence that the green car must have been running at a good speed when it struck the plaintiff, otherwise he could have escaped; and it is apparent, we think, that the motorman could have seen the plaintiff in ample time to prevent the collision if he had been looking ahead of his car and had it under proper control.  The accident occurred about one o'clock in the afternoon, and there is nothing to show that the condition of the weather or any obstruction prevented the motorman from seeing the plaintiff and the danger to which he was exposed.  The only explanation why the motorman did not manage his car so as to prevent the accident is that he was looking to the north and not in the direction in which the car was going.  He gave no signal to the plaintiff or others passing over the crossing on the west side of Thirteenth street.  If the motorman was looking north when crossing Thirteenth street, he was guilty of a flagrant violation of duty, as this court has time and again announced in many of its recent decisions.  While it was the duty of the plaintiff to exercise care in looking for the approach of the green car, the law imposed a duty on the motorman of that car to look in the direction in which his car was proceeding and to keep it under proper control so as to avoid danger to pedestrians and others who might be in front of him.  The failure to observe such care on his part resulting in injury to another would be negligence for which his employer would be responsible.

We think the negligence of the plaintiff and defendant was for the jury, and that the learned court below erred in granting the nonsuit.

The judgment is reversed with a procedendo.