# Bew, Appellant, *v.* Daley.

*Negligence — Automobiles—Right-angle collision — Absence of lights—Sudden turning of curve—Contributory negligence—Sudden danger—Sounding horn—Case for jury.*

1. A driver of an automobile approaching a street intersection has the right to assume that another automobile, approaching on the intersecting street, will do so at a moderate speed and under control. No man is bound to anticipate the negligence of another.

2. In an action to recover for personal injuries sustained in a right-angle collision between two automobiles at night, the case is for the jury and the court erred in entering a compulsory nonsuit, where it appeared that plaintiff, when 250 feet from the intersection, saw defendant's truck approaching; that plaintiff was driving at the rate of twelve miles per hour and defendant at about twice that speed; that there was no light on defendant's truck, and it approached the intersection without warning; that plaintiff was on his right hand side of the street and his headlights were burning; that the truck came rapidly around the corner and violently collided with the front of plaintiff's car, which was stopped about three feet short of the curb, and that by the impact plaintiff's car was thrown back about eight or ten feet and plaintiff was seriously injured; and while the street on which defendant's truck approached came to a dead end when it entered the street on which plaintiff was driving, there was no indication until just before the collision as to which way the driver of the truck intended to turn.

3. As the plaintiff stopped before reaching the intersection, it cannot be declared as matter of law that he was negligent in not sounding his horn, especially in view of his testimony that when the danger appeared he considered it his first duty to stop his car and he had not time to do both.

Argued Jan. 22, 1918. Appeal, No. 294, Jan. T., 1917, by plaintiff, from judgment of C. P. No. 2, Philadelphia Co., Dec. T., 1916, No. 4224, refusing to take off compulsory nonsuit in case of Elmer E. Bew v. John Daley, Jr., Inc. Before POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Reversed.

Trespass for personal injuries. Before BARRATT, P. J.
The facts appear from the opinion of the Supreme Court.

The lower court entered a compulsory nonsuit which it subsequently refused to take off. Plaintiff appealed.

*Error assigned,* among others, was in refusing to take off the nonsuit.

*Augustus Trask Ashton* and *Victor Frey* submitted for appellant.—The question whether plaintiff exercised sufficient caution in approaching the intersection was for the jury: McClung v. Penna. Taximeter Cab Co., 252 Pa. 478; Wagner v. P. R. T. Co., 252 Pa. 354.

*Maurice W. Sloan* submitted for appellee.—The nonsuit was properly entered: Gosling v. Gross, 66 Pa. Superior Ct. 304; Ellison v. Atlantic Refining Co., 62 Pa. Superior Ct. 370; McClung v. Penna. Taximeter Cab Co., 252 Pa. 478.

OPINION BY MR. JUSTICE WALLING, February 25, 1918:
This is an appeal by plaintiff from judgment of compulsory nonsuit in an action for personal injuries sustained in a collision of automobiles. We state the facts in accord with plaintiff's evidence. The west end of Osage avenue intersects Forty-seventh street, Philadelphia. On the evening of January 29, 1917, plaintiff was driving an automobile north in said street and, when about two hundred and fifty feet from such intersection, saw defendant's coal truck coming rapidly west on Osage

avenue, near Forty-sixth street. The lot was vacant and the automobiles, but for the darkness, would have been in sight of each other as they approached the intersection. Between streets plaintiff's car ran about twelve miles per hour and the defendant's about twice that speed. There was no light on defendant's truck and it came to the intersection without warning. Plaintiff was driving on the right hand side of the street and his head lights were burning. When within a distance, variously estimated by him at from twenty to thirty or thirty-five feet, from the south curb of the avenue, he saw defendant's truck approaching within about six feet of the east curb line of the street and it came rapidly around the southeast corner of the intersection and violently collided with the front of plaintiff's car, which he had stopped about three feet back of the south curb of the avenue. By the impact plaintiff's car was thrown back eight or ten feet and he was seriously hurt. Osage avenue descends slightly to the west between Forty-sixth and Forty-seventh streets; and defendant's driver did not appear to have the truck under control as he came to the latter street. On the question of his negligence the case was clearly for the jury.

The trial court, however, granted a nonsuit, on the assumption that as matter of law plaintiff was guilty of contributory negligence. This in our opinion was error. Plaintiff was on the proper side of the street with his car under control and stopped before he came to the intersecting avenue. He had a right to assume that defendant's truck would come to the crossing at moderate speed and  under control, as it should have done: McClung v. Penna. T. Cab. Co., 252 Pa. 478. No man is bound to anticipate the negligence of another: Wagner v. Philadelphia Rapid Transit Co., 252 Pa. 354. Because the truck was moving rapidly when five hundred feet away did not show that it would continue to do so to the end of the avenue. Plaintiff knew it must turn north or south at Forty-seventh street, but he did not know

which and was not required to anticipate that it would do either recklessly. True, plaintiff testifies that at the speed the truck was moving it was necessary to cut the corner short or upset the coal, but does not say he knew or anticipated in advance that the turn would be made at such speed or in that manner. As plaintiff stopped before reaching the intersection, it cannot be declared as matter of law that he was negligent in not sounding his horn, especially in view of his testimony that when the danger appeared he considered it his first duty to stop his car and he had not time to do both.

The judgment is reversed with a procedendo.