## Reisinger *v.* McConnell, Appellant.

*Negligence—Automobiles—Collision — Contributory negligence —Case for jury—Proximate cause.*

1. In an action to recover damages for personal injuries resulting from a collision between two automobiles, the question of the negligence of the defendant, and the contributory negligence of the plaintiff is for the jury, where the evidence shows that the defendant's machine in rounding a corner turned to the right and continued to curve in that direction, instead of straightening as it should have done, until it ran into the rear of plaintiff's car which was standing in front of a garage out of the direct line of travel and injured plaintiff who was caught between the two cars as he was stooping down, assisting to place a tire on one of the wheels of his machine.

2. In such a case it is immaterial that plaintiff had his back in the direction from which defendant's car approached, if it appears that he had been in this position for only half a minute before he was struck, and had been watchful to see whether vehicles were approaching in either direction. He was not bound to anticipate that a driver of a passing car would negligently collide with his machine.

3. Nor was it material that his position in stooping at the rear of his car might have caused his body to extend beyond the line of the car, as both plaintiff and his car were injured. His position, accordingly, was not the proximate cause of his injury.

Argued October 3, 1919.   Appeal, No. 117, Oct. T., 1919, by defendant, from judgment of C. P. Beaver Co., Sept. T., 1917, No. 178, on verdict for plaintiff in case of Daniel M. Reisinger v. William A. McConnell.   Before STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ.   Affirmed.

Trespass for personal injuries.   Before BELL, P. J., specially presiding.

Verdict and judgment for plaintiff for $3,000.   Defendant appealed.

566    REISINGER *v.* McCONNELL, Appellant.

*Error assigned*, among others, was in refusing judgment for defendant n. o. v.

*William A. McConnell*, with him *J. Rankin Martin* and *W. D. Craig*, for appellant, cited: Griffin v. B. & O. R. R. Co., 67 Pa. Superior Ct. 392; McClung v. Penna. Taximeter Cab Co., 252 Pa. 478; Creed v. Penna. R. R. Co., 86 Pa. 139; Virgilio v. Walker, 254 Pa. 241; Warruna v. Dick, 261 Pa. 602.

*Lawrence M. Sebring*, with him *D. F. Anderson*, for appellee, cited: Cecolo v. 44 Cigar Co., 253 Pa. 623; Virgilio v. Walker, 254 Pa. 241; Oelrich v. Kent, 259 Pa. 407; Banks v. Shoemaker & Co., Ltd., 260 Pa. 280.

OPINION BY MR. JUSTICE FRAZER, January 5, 1920:

Plaintiff's action is to recover for injuries sustained by reason of alleged negligent driving of defendant's automobile at the time operated by his wife, and in which defendant was riding. A verdict was rendered for plaintiff and from judgment entered thereon defendant has appealed. The questions raised in the argument were whether there was evidence of negligence on the part of defendant warranting submission of the case to the jury and whether or not plaintiff was guilty of contributory negligence, as a matter of law.

Plaintiff stopped his car near the curb in front of a public garage on Main street, fifty-three feet from the corner of Madison street, in the Borough of Rochester, for the purpose of procuring a tire left to be repaired, and was assisting in placing the repaired tire in the tire holder on his car and while in a stooping position, with his back in the direction from which defendant's car approached, the right, front mud guard of the latter's car collided with the left rear mud guard of plaintiff's automobile, catching plaintiff between the two machines and inflicting the injury for which this action was brought to recover compensation. Defendant ap-

proached plaintiff's car from the rear. A second car stood between plaintiff's machine and the corner of Madison street. Although the street is a main thoroughfare, the evidence shows that traffic was not congested at the time and place of the collision. In rounding the corner into Main street from Madison, defendant's machine turned to the right and continued to curve in that direction, instead of straightening as it should have done, until it collided with plaintiff's car. Under the circumstances, the question of defendant's negligence was clearly for the jury and was properly submitted by the trial judge.

Neither can plaintiff be held negligent merely because of his presence and position on the street. The placing of the tire on the rear end of the car was a matter of a minor character, occupying but a short time in all and, including repairs to the tire holder, not exceeding thirty minutes, and, according to plaintiff's testimony, he had been in the position in which he was caught for only half a minute, and had been watchful to see whether vehicles were approaching in either direction. While it was his duty to take proper precaution for his safety, we cannot say he was negligent merely because of his failure to continue to look for possible danger, when the nature of his work required attention in the opposite direction, and especially is this true as both his car and himself were outside the direct line of traffic, with ample free space for other vehicles to pass along the street in safety. He was not bound to anticipate that a driver of a passing car would negligently collide with his machine. That his position in stooping at the rear of his car might have caused his body to extend beyond the line of the car, as contended by defendant, is immaterial, as both plaintiff and his car were injured as a result of the contact; his position, accordingly, was not the proximate cause of his injury.

The judgment is affirmed.