# Roberts, Admr., *v.* Freihofer Baking Co., Appellant.

*Negligence—Automobiles—Running down man while working in street on automobile—Case for jury—Contributory negligence.*

1. In an action for killing a man with an automobile by running him down in a street while repairing an automobile, the case is for the jury where the evidence shows that the driver was running his car at a high rate of speed at night, that there was an open space sufficient for him to pass without striking the deceased, and that he could have seen him, if he had looked with proper care.

2. A man is not necessarily guilty of contributory negligence by being outside the line of his car, while doing some temporary work thereon, although it is in the street.

3. A person in making such repairs, protected by red lights and street lamps, is not bound, as a matter of law, to anticipate that another automobile will pass so near as to strike him, even though some part of his body may have been outside the line of the car.

4. Such case is for the jury where the circumstances do not clearly overcome the presumption of due care on his part.

*Negligence—Conflict of laws—Presumption—Injury in New Jersey—Suit in Pennsylvania—Death—Transitory action—Parties.*

5. Where a man has been killed in New Jersey, suit may be brought in Pennsylvania for his death, by his administratrix, as the action is transitory, and the New Jersey statute provides for the bringing of suit by the legal representative of the deceased.

6. In such case, as far as the merits are concerned, the law of New Jersey will be presumed to be the same as that of Pennsylvania, if nothing to the contrary is shown.

Argued April 23, 1925. Appeal, No. 298, Jan. T., 1925, by defendant, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1923, No. 5757, on verdict for plaintiff, in case of Jessie M. Roberts, administratrix ad prosequendum of estate of Thomas Leroy Roberts, deceased, *v.* Freihofer Baking Co. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for death of plaintiff's husband. Before GORDON, J.

574 ROBERTS, Admr., *v.* FREIHOFER B. CO., Appel.

The opinion of the Supreme Court states the facts.

Verdict and judgment for $15,000. Defendant appealed.

*Error assigned* was refusal of binding instructions for defendant, quoting record.

*Edgar W. Lank,* of *Smithers, Lank & Horan,* for appellant.—There was not sufficient evidence to warrant a finding that defendant was guilty of "wrongful act, neglect or default" under the New Jersey statute or as laid in the declaration: Zenzil v. R. R., 257 Pa. 473; Goater v. Klotz, 279 Pa. 392; Warruna v. Dick, 261 Pa. 602; Flanigan v. McLean, 267 Pa. 553; King v. Brillhart, 271 Pa. 301; Erbe v. R. R., 256 Pa. 567; Express Co. v. Wile, 64 Pa. 201; Bank v. Wirebach, 106 Pa. 37; Martin v. Niles-Bemet Pond Co., 214 Pa. 616; Wagner v. Trans. Co., 252 Pa. 354; Bew v. Daley, 260 Pa. 418; Ferrell v. Solski, 278 Pa. 565.

Decedent was guilty of contributory negligence by uncontradicted, affirmative testimony that overcame the evidential presumption arising from his death: Zotter v. R. R., 280 Pa. 14, 21; Bernstein v. R. R., 252 Pa. 581; Shepherd v. Phila., 279 Pa. 333; Greer v. Tyson, 185 Pa. 356; Geiger v. Garrett, 270 Pa. 192; Walker v. Trans. Co., 274 Pa. 121.

*W. H. Hepburn, Jr.,* for appellee.

OPINION BY MR. JUSTICE WALLING, May 11, 1925:

South Broadway in Camden, New Jersey, is a paved street, with a double track street railway in the center. About midnight, on August 29, 1923, a southbound autobus therein broke its rear axle and Thomas L. Roberts, plaintiff's decedent, who was employed as a mechanic in a neighboring service station, was engaged to replace the broken axle with a new one. The bus stood facing the south with the front inclined toward the west

curb and with the left rear wheel standing on the first railway track, as the street cars were not then running. The work in hand was a short job, usually done on the street; as Roberts was undertaking to do it there, working on the right-hand side of the car, he was killed by one of defendant's auto delivery trucks. This suit, brought to recover for his death, resulted in a verdict and judgment for plaintiff, and defendant has appealed.

We find no reversible error. There was some conflict in the evidence but, as this is a motion for judgment n. o. v., we must assume in support of the verdict every fact and inference properly deducible from the evidence: Mellon et ux. v. Lehigh Valley R. R., 282 Pa. 39. So doing, it appears defendant's truck, when going south in Broadway at the rate of forty miles an hour, grazed the bus and killed Roberts while at his work, then ran about three hundred feet. The impact caused Roberts' instant death and drove his body under the bus so that it was removed with great difficulty. The place was well lighted by near-by electric lights, in addition to three red lights at the rear of the bus where Roberts was at work. Approaching, as the truck did from the north, the bus was visible for five hundred feet; the red lights and Roberts were also in plain sight of the truck driver in ample time to have enabled him to avoid the accident, and there was an open space between the bus and the east curb of sufficient width for two automobiles to pass side by side and through which he might have driven in safety. The conclusion that the driver was negligent is unavoidable; it even follows from his own testimony, for he says he was going from twenty to twenty-five miles an hour through darkness so intense that the lights would not penetrate it. In answer to questions by the trial judge, he said: "Q. Do you think you were going about 20 to 25 miles an hour? A. Yes, sir. Q. On a night when your lights wouldn't penetrate at all? A. That's the story." True, his testimony as to the intense darkness was at variance with all the other evidence in

the case, although it had been raining earlier in the night.

The question of contributory negligence, while debatable, was for the jury. Roberts was doing his work in the usual manner, well protected by red lights and street lights, and it cannot be declared as matter of law that he was bound to anticipate that an autotruck would pass so near as to graze the bus or strike him even though some part of his body was outside the line of the bus. A man is not necessarily guilty of contributory negligence by being outside the line of his car, while doing some temporary work thereon, although it is in the street. See Reisinger v. McConnell, 265 Pa. 565; also Cecola v. 44 Cigar Company, 253 Pa. 623; Petrie v. E. A. Myers Co., 269 Pa. 134. Roberts was not bound to anticipate negligence on part of defendant (Wagner v. Phila. Rapid T. Co., 252 Pa. 354; Bew v. Daley, 260 Pa. 418), and, as the circumstances did not clearly overcome the presumption of due care on his part, the case was for the jury.

There is no merit in the suggestion that the suit was improperly brought in this State for death caused by negligence in New Jersey; such actions are transitory and we have repeatedly sustained them. See Boulden v. R. R. Co., 205 Pa. 264; Knight v. West Jersey Railroad Co., 108 Pa. 250; Centofanti v. Penna. R. R. Co., 244 Pa. 255. The statute of that state offered in evidence, gives the right of action and provides for the bringing of suit therefor in the name of the legal representative of the deceased; hence, the action here was rightly brought in the name of the administratrix, as under that statute the widow could not sue in her own name: Usher v. Railroad Co., 126 Pa. 206. So far as relates to the merits of the case, the law of a sister state is presumed to be like our own (Cape May R. Est. Co. v. Henderson, 231 Pa. 82; Bollinger v. Gallagher et al., 144 Pa. 205) and nothing was shown to the contrary.

The assignment of error is overruled and the judgment is affirmed.