Riefer *v.* Niehl Transportation Co., Appellant.

Argued October 13, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, DREW and LINN, JJ.

*Morris G. Levy,* of *Levy & Crone,* with him *G. Malcolm McDonald,* for appellant.

*Ben Paul Brasley,* of *Brasley, Rubin, Balter & Cole,* for appellee, was not heard.

PER CURIAM, November 28, 1932:

Defendant appeals from the refusal of its motion for judgment non obstante veredicto in an action for dam-

ages for personal injuries sustained when plaintiff was struck by defendant's bus.

The accident occurred at about 6:30 o'clock on the evening of October 8, 1929, in the Borough of Turtle Creek, Allegheny County. Plaintiff, an employee of a tire store, was engaged in replacing the left rear tire on an automobile parked close to the right-hand curb, looking west, on Braddock Avenue, a position which brought him on the highway outside of the parked car and about two feet from the nearest rail of the double line trolley tracks. It was a clear evening, the street well lighted, and when plaintiff first observed the bus it was approximately 400 feet distant traveling near the middle of the street. When he next looked it was within seventy-five feet of him. He leaned close to the car in course of repair, holding the partially adjusted tire in place and looking forward. The owner of the car, who had been standing beside plaintiff, without having seen the approaching bus stepped back of the car toward the curb when the bus was about forty feet away. Although no necessity for doing so was shown, the bus passed so near the automobile that, as it swerved slightly to the left at that point, the rear end struck plaintiff dragging him twenty feet. There is testimony that no other cars were parked along the street and there was no traffic to obscure the view of the bus driver or influence his actions at the time of the accident.

The court below refused a request for binding instructions and correctly states in its opinion that, on the evidence, which, on a motion for judgment n. o. v., must be considered in the light most favorable to plaintiff (Roberts v. Friehofer Baking Co., 283 Pa. 573, 575; Adams v. Gardiner, 306 Pa. 576, 586), it could not be said as matter of law that plaintiff was guilty of contributory negligence, and this question and that of the negligence of defendant's driver were for the jury, citing Roberts v. Freihofer Baking Co., supra. The following language used in the latter case (page 576) applies aptly

here: "The question of contributory negligence, while debatable, was for the jury. [Plaintiff] was doing his work in the usual manner, well protected by red lights and street lights, and it cannot be declared as matter of law that he was bound to anticipate that [another vehicle] would pass so near as to graze [the car on which he was working] or strike him even though some part of his body was outside the line [thereof]. A man is not necessarily guilty of contributory negligence by being outside the line of his car, while doing some temporary work thereon, although it is in the street. [Cases cited.] [Plaintiff] was not bound to anticipate negligence on the part of defendant (Wagner v. P. R. T. Co., 252 Pa. 354; Bew v. Daley, 260 Pa. 418), and......the case was for the jury."

The order refusing judgment non obstante veredicto is affirmed.