## Handfinger et al. *v.* Barnwell Brothers, Inc., Appellant.

Argued November 24, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Samuel S. Herman,* of *Herman & Harris,* for appellant.

*Allen Grant,* with him *William W. McKim,* for appellees.

OPINION BY MR. JUSTICE BARNES, January 11, 1937:

This is an action of trespass brought by a minor plaintiff, through his father, and by the father in his own right, to recover damages for personal injuries sustained by the minor under circumstances hereinafter described. The jury returned verdicts for plaintiffs. Defendant's motions for a new trial and for judgment non obstante veredicto were overruled by the court below and judgments were entered in favor of the minor plaintiff and his father. The defendant abandoned its motion for a new trial, and has taken this appeal from the refusal of its motion for judgment.

Viewing the evidence in the light most favorable to plaintiffs, these are the facts before us: The minor plaintiff (hereinafter referred to as plaintiff) was employed by his father. On October 9, 1934, he was driving his father's five-ton truck on a return trip from New York City to Philadelphia. He was following at a distance of about five feet another truck belonging to his father, which likewise was being driven to Philadelphia. About 1:00 A. M. when plaintiff reached a point on the Lincoln Highway near Morrisville, Pennsylvania, he noticed that the bright lights on his truck were not burning properly and stopped on the extreme right side of the highway facing toward Philadelphia, in front of a gasoline station. The preceding truck also came to a stop and stood about five feet in front of plaintiff's truck.

Plaintiff left his truck standing on the highway in this position about three minutes, while he entered the service station to borrow from the attendant a screw driver with which to fix his lights. As the truck stood, the motor was running and the low headlights were burning, as well as three electric lights on the rear of the truck and a lighted kerosene lantern. The gasoline station was well lighted with electric signs and lights at the time of the accident. As plaintiff returned to his truck he stepped in front of it,—into the five-foot space

between the two standing trucks. At the same time defendant's truck, also proceeding towards Philadelphia, collided with the rear end of plaintiff's truck, pushing it forward and crushing plaintiff between his own truck and the one ahead of it. As a result plaintiff suffered severe personal injuries.

The highway at this point was twenty feet wide. A third concrete traffic lane had been constructed for a distance of several miles, along and adjoining that side of the highway upon which plaintiff stopped his truck. This additional lane had not yet been opened to traffic, and was blocked off by low iron railings and marked with kerosene flares. Plaintiff admitted in his testimony that he had not looked to see if any traffic was approaching before stepping in front of his truck. The negligence of the driver of defendant's truck was admitted at the trial.

This appeal is limited to the single question whether plaintiff was guilty of contributory negligence, as a matter of law, in failing to look before stepping upon the highway between the standing trucks, and in stopping his truck on the highway without lighting flares to show its position.

Defendant argues it was plaintiff's duty to look for possible approaching traffic before stepping in front of the truck. While it is fundamental that a pedestrian should take precaution for his own safety and look for approaching vehicles before crossing a roadway, and that one who fails to observe this duty of care is negligent, this principle has no application to the facts of this case. The plaintiff here was not struck while attempting to cross the roadway in the path of defendant's truck, nor did he at any time step into the path of oncoming traffic. At the time he was injured he was standing in front of his own truck, which was stopped and which was plainly visible to anyone approaching from the rear. Under these circumstances we cannot hold as a matter of law that plaintiff was under a duty

to anticipate that defendant's driver would fail to see his truck and crash into it. Plaintiff could properly assume that the driver would observe the truck, under the conditions of light as shown by the testimony, and would bring his machine to a stop before colliding with it, or pass around it upon that portion of the highway which afforded ample clearance for passage of vehicular traffic.

In view of the evidence, plaintiff was not under a duty to anticipate or guard against negligence on the part of defendant. His failure to look before stepping in front of his truck did not convict him of contributory negligence as a matter of law. As we said in *Wagner v. P. R. T. Co.*, 252 Pa. 354, 359: "The failure to anticipate negligence which results in an injury is not negligence and will not defeat an action for the injury sustained. A party is not bound to guard against the want of ordinary care on the part of another; he has a right to presume that ordinary care will be used to protect him and his property from injury. No one can complain of want of care in another where care is only rendered necessary by his own wrongful act: *Philadelphia & Reading R. R. Co. v. Hummell*, 44 Pa. 375, 379." We also said in *Mulheirn v. Brown*, 322 Pa. 171, 175: "It is a fundamental principle of law that one is not bound to anticipate another's negligence." See also *Bew v. Daley*, 260 Pa. 418; *Reisinger v. McConnell*, 265 Pa. 565; *Roberts v. Freihofer Baking Co.*, 283 Pa. 573; *Weiss v. Pittsburgh Rys. Co.*, 301 Pa. 539, 542; *Todd v. Nesta*, 305 Pa. 280; *Dempsey v. Cuneo E. Press Ink Co.*, 318 Pa. 557, 560.

In *Roberts v. Freihofer Baking Co.*, supra, plaintiff's husband, a mechanic, was killed while repairing a broken axle on a bus which was standing on a street in Camden. Although it was night the place was well illuminated by electric lights in addition to three red lights on the rear of the bus. Both decedent and the bus were plainly visible to defendant's driver, who neverthe-

less so drove his truck that it grazed the bus and fatally injured the husband of plaintiff. It was contended that decedent was contributorily negligent. Upon this point we said (p. 576): "The question of contributory negligence, while debatable, was for the jury. Roberts was doing his work in the usual manner, well protected by red lights and street lights, and it cannot be declared as a matter of law that he was bound to anticipate that an autotruck would pass so near as to graze the bus or strike him even though some part of his body was outside the line of the bus. A man is not necessarily guilty of contributory negligence by being outside the line of his car, while doing some temporary work thereon, although it is in the street. See *Reisinger v. McConnell*, 265 Pa. 565; also *Cecola v. 44 Cigar Co.*, 253 Pa. 623; *Petrie v. Myers Co.*, 269 Pa. 134. Roberts was not bound to anticipate negligence on the part of defendant *(Wagner v. Phila. Rapid Transit Co.*, 252 Pa. 354; *Bew v. Daley*, 260 Pa. 418)." In *Reisinger v. McConnell*, supra, we held that plaintiff, who was injured while replacing a tire on the rear of his parked car, was not bound to anticipate that defendant, the driver of a passing car, would negligently collide with his machine. See, also, *Riefer v. Niehl Trans. Co.*, 309 Pa. 251.

Here a collision between the two trucks under the conditions in which it occurred was not to be reasonably anticipated by the plaintiff, and the court below could have ruled the question of contributory negligence upon this point as a matter of law in his favor. In submitting the question to the jury, it gave to defendant more than it was entitled to under the circumstances.

Defendant also contends that plaintiff violated the Act of May 25, 1933, P. L. 1064, which provides: "Every . . . commercial motor vehicle having a carrying capacity of two tons or over, shall be equipped with at least two red or yellow burning danger or caution signals . . ." This Act further provides that such flares or signals shall be continuously displayed on the sur-

face of the highway "whenever any such vehicle becomes disabled while within the limits of the traveled part of a highway to such an extent that it cannot proceed under its own power, and its lighting is so disabled that it constitutes a menace to other vehicular traffic. . . ."

The provisions of this statute have no application to the facts of this case. Plaintiff's truck was not disabled to the extent that it could not proceed under its own power, nor was its lighting so disabled as to constitute a menace to other vehicular traffic. During the few minutes the truck stood on the highway the engine was kept running and all the lights were burning, the front head lights being on the low beam. In addition to the four lights on the rear of the truck there were lights from the gas station and the kerosene flares or torches along the edge of the newly laid traffic lane. In view thereof it is clear that the statute does not apply.

Finally defendant urges that plaintiff violated the provision of the Vehicle Code * which reads: "No person shall park a vehicle, or permit it to stand, whether attended or unattended, upon a highway in any of the following places: . . . (10). Alongside any street or highway excavation or obstruction, nor opposite the same, unless a clear and unobstructed width of not less than twenty (20) feet upon the main traveled portion of the said street or highway shall be left free for passage of other vehicles thereon."

This statute likewise has no application to this case. There is no evidence that plaintiff parked or permitted the truck to stand alongside or opposite any "highway excavation or obstruction." The newly added strip of concrete, which was marked off as not yet ready for use, was not a "street or highway excavation or obstruction" within the meaning of the Act. In this connec-

---

* Act of June 22, 1931, P. L. 751, Sec. 2, subsection 10 (amending Section 1020 of The Vehicle Code, Act of May 1, 1929, P. L. 905).

tion see the case of *Henry v. Liebovitz & Sons,* 312 Pa. 397.

For the reasons stated, the assignments of error are overruled.

The judgments are affirmed.