## Hughes *v.* Zearfoss, Appellant.

Argued December 15, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*G. Roderick Snyder,* with him *George R. Eves,* for appellant.

*John C. Clemmens,* with him *Rhoda, Stoudt & Bradley,* for appellees.

OPINION BY RHODES, P. J., March 22, 1961:

This is an appeal from a judgment for plaintiff in a trespass action. Suit was instituted following a collision between two automobiles. The accident occurred on Route 22 in Berks County, when the automobile of plaintiff-driver, Hubert W. Hughes, collided with the automobile driven by defendant. The case was tried

in the Court of Common Pleas of Berks County before Judge READINGER. The jury returned a verdict for plaintiff, Hubert W. Hughes, in the sum of $4,840.47, and for his wife, Julie Hughes, plaintiff-passenger, in the sum of $10,000. Defendant presented a point for binding instructions, and thereafter filed a motion for judgment n.o.v. relating only to the verdict against defendant in favor of plaintiff, Hubert W. Hughes. The point for binding instructions was refused, and the rule for judgment n.o.v. was discharged. Defendant has appealed.

The facts are adequately stated in the opinion of Judge READINGER, as follows:

"In the light of the verdict, the following facts were established by the testimony: On a clear, sunny day at about 5:00 p.m. the plaintiff was driving his automobile westwardly on Route 22 on the westbound concrete lanes which were each 12 feet in width. There was no traffic preceding him in a westwardly direction immediately before the accident, and he was traveling in the outside or right-hand traffic lane at a speed of between 50 and 55 miles per hour in a 60 mile per hour zone.

"Immediately prior to the accident the defendant was driving eastwardly on said Route 22 on the two concrete lanes provided for eastbound traffic, closely following another car driven by his brother, at a speed in excess of 60 miles per hour. At the point where the collision occurred, the westbound lanes and the eastbound lanes of Route 22 are separated by a medial or divider strip approximately 18 feet wide and covered with grass.

"As the defendant proceeded eastwardly behind his brother's automobile, the two cars overtook other traffic proceeding eastwardly on their outside lane. The defendant turned left to enter the inside lane for the purpose of passing, and at practically the same moment

his brother did likewise, with the result that the defendant drove his automobile onto the said 18 feet wide medial strip, continued a distance thereon, parallel to the concrete lanes of Route 22 for a distance of approximately 420 feet, then made a sharp left turn or swerve for a distance of approximately 93 feet diagonally across the two concrete westbound lanes (upon the outside of which plaintiff's car was traveling) at a 45 degree angle, collided with plaintiff's car and then continued 210 feet beyond the point of impact before stopping."

Defendant presented no testimony on his behalf. As the sole basis for this appeal, defendant contends that plaintiff-driver, Hubert W. Hughes, was guilty of contributory negligence, as a matter of law, in failing to see defendant's automobile coming down and across the medial strip toward plaintiff, and in failing to take steps to avoid the accident.

We find no merit in the argument on behalf of defendant. Even if plaintiff had actually seen defendant's automobile coming down the medial strip, plaintiff was not bound to anticipate defendant's negligence in turning from the medial strip into plaintiff's proper line of travel in the westbound concrete portion of the divided highway. "Failure to anticipate negligence which results in an injury ordinarily is not negligence and will not defeat an action for the injury sustained." *Nixon v. Chiarilli,* 385 Pa. 218, 223, 122 A. 2d 710, 713. Certainly, plaintiff could not be convicted of contributory negligence, as a matter of law, in failing to anticipate the negligence of defendant in suddenly swerving into the westbound lanes of traffic when plaintiff's automobile was only thirty or forty feet away. It does not appear that plaintiff had sufficient time to take precautionary measures when confronted with such a sudden and unanticipated emergency. Under the circumstances, plaintiff's contributory negligence could

not be declared as a matter of law but was a question for the jury. Contributory negligence may be declared judicially only when so clearly revealed that fair and reasonable persons cannot disagree as to its existence. *Virden v. Hosler,* 387 Pa. 1, 10, 127 A. 2d 110.

In *Adley Express Company, Inc. v. Willard,* 372 Pa. 252, 257, 258, 93 A. 2d 676, 679, where the facts are somewhat similar to the present case differing only in that the defendant attempted a U-turn, Mr. Justice CHIDSEY, speaking for the Supreme Court, said:

"The driver of plaintiff's vehicle who had an unobstructed view ahead on his travelled course was not required to observe traffic on the north-bound lanes of this through four-lane highway or to anticipate that a north-bound motorist would make a U-turn into his path at a point where there was no crossroad. . . . On a through-traffic four-lane highway there is not imposed upon a motorist the care required in travelling upon an ordinary two-way road with intersecting streets. To hold otherwise would thwart the purpose of through highways to facilitate traffic. . . . While it is the duty of the driver of a motor vehicle at all times to have his car under control, '. . . having one's car under control means having it under such control that it can be stopped before doing injury . . . in any situation *that is reasonably likely to arise under the circumstances.'* " See *Schofield v. Druschel,* 359 Pa. 630, 635, 59 A. 2d 919.

It was applicably stated in *Shellenberger v. Reading Transportation Company,* 303 Pa. 122, 127, 154 A. 297, 299, that: "The traveler on a highway can take for granted, at least to a certain degree, that others approaching him will observe the customary rules of the road and so long as he keeps to his side of the road need not keep his eyes at all times riveted on the highway in front of him." See, also, *Fisher v. Hill,* 362 Pa. 286, 291, 66 A. 2d 275.

We agree with the court below that the evidence presented a question of fact for the jury, and that it was properly submitted to the jury.

Judgment is affirmed.