Dempsey *v.* Cuneo Eastern, Press Ink Company of Pennsylvania, Appellant.

558

Argued. April 23, 1935.   Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*George M. Kevlin,* with him *Crawford A. Battle* and
*Frank Rogers Donahue,* of *Donahue, Irwin, Merritt &
Gest,* for appellant.

*Thomas E. Comber, Jr.,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, May 27, 1935:

In this case plaintiff sued on behalf of herself and her
minor stepchildren to recover damages for the death of
her husband and their father, caused by his being run
down by an automobile truck owned by and being oper-
ated for defendant.   She recovered a verdict and judg-
ment, from the latter of which defendant appeals.   The
only error asserted is the refusal of the trial judge to in-
struct the jury to render a verdict for defendant because
of an alleged lack of evidence of negligence on the part of
defendant, and of the existence of contributory negli-
gence on the part of decedent.   While recognizing our
rule that in this class of cases all disputed questions of
fact must be resolved in favor of sustaining the verdict,
defendant nevertheless argues almost exclusively from
those which favor the defendant, and overlooks or greatly
minifies those which tell in favor of plaintiff.   We must,

however, construe those disputed facts in favor of plaintiff (Adams v. Gardiner, 306 Pa. 576; Christ v. Hill Metal & Roofing Co., 314 Pa. 375) and so viewing them must affirm the judgment.

Viewed in the way last stated, we find the facts to be as follows: The accident took place about 6:15 p. m. on January 28, 1933, when plaintiff was crossing Sedgley Avenue near Sixth Street in the City of Philadelphia. The cartway of the avenue is 34 feet wide and the avenue runs from the northeast to the southwest. Sixth Street runs from the north to the south. Decedent was walking on the south side of Sedgley Avenue a short distance west of 6th Street, and started to cross over to the north side of the avenue, which is a two-way street. When he first entered on the cartway he was on the southern half of the avenue, in the traffic lane which ran to his right. At that time there was but little traffic on the avenue, and none on the traffic lane he entered. On the other traffic lane, defendant's truck was traveling, and there were no vehicles or other obstructions on that side of the street which interfered in any way with defendant's truck remaining in that traffic lane. Before decedent got to the center line of the avenue, the driver of defendant's truck, without notice, turned it out of the traffic lane in which it belonged, and into the one where decedent was walking, and struck and killed him. The record discloses no reason for defendant's truck making that change from one traffic lane to the other. As there was nothing whatever to require him to make it, his doing so was in direct violation of section 1004 of the Vehicle Code of May 1, 1929, P. L. 905, 976, which provides that "Upon all highways of sufficient width [as Sedgeley Avenue is], except upon one-way streets [which the avenue is not] the driver of a vehicle shall drive the same upon the right half of the highway. . . ." Admittedly this, if true,—and of this there was ample evidence—convicts defendant's driver of negligence, and makes defendant liable to plaintiff, un-

less decedent was contributorily negligent, of which there is no evidence.

Defendant's argument on this point is, in effect, that decedent was negligent because he was crossing the avenue at a point where there was no regular crossing. While it is true that one who crosses at such a place must use more care than when at a regular crossing, it is none the less also true that a pedestrian has a right to cross the street at any place, and, in doing this, he has a right to rely on the exercise of reasonable care by drivers on the highway: Polonofsky v. Dobrosky, 313 Pa. 73; Weiss v. Pgh. Rys. Co., 301 Pa. 539; Hayes v. Schomacker, 302 Pa. 72; Adams v. Fields, 308 Pa. 301.

"The failure to anticipate negligence which results in injury is not [itself] negligence, and will not [without more] defeat an action for the injury sustained. A party is not bound to guard against the want of ordinary care on the part of another; he has a right to presume that ordinary care will be used to protect him and his property from injury": Lewis v. Wood, 247 Pa. 545, 549. "As a pedestrian he . . . was warranted in assuming that defendant would keep to the right side of the highway, as the law required him to do, and that there was no occasion to look again to the right, at least until he reached the middle of the avenue": Goldschmidt v. Schumann, 304 Pa. 172, 175. This is especially so in a case like the present, where the truck driver acted in direct violation of section 1004, of the Act of May 1, 1929, above quoted, without which violation there would have been no injury to decedent; and where, also, there is no evidence that he did not continue looking from the time he left the footway until he was struck and killed.

The judgment of the court below is affirmed.