## Tait *v.* Philadelphia Transportation Company, Appellant.

Argued September 29, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ. (RENO, J., absent).

*Marshall A. Coyne,* with him *Bernard J. O'Connell,* for appellant.

*Joseph G. Feldman,* with him *Edward M. Goldsborough,* for appellee.

OPINION BY KELLER, P. J., November 10, 1943:

Shortly after noon on a clear day plaintiff parked his automobile directly in front of an automobile belonging to one Robert Donaldson, close to the east curb of North 16th Street, Philadelphia—both cars facing north—with the intention—acting as a volunteer—of towing Donaldson's car which was stranded there. The roadway was twenty-six feet wide between curbs, and at the point the cars were parked traffic moved in both directions, north and south. He took a tow chain from his car and started to hook it to the left (west) side of the front axle of the disabled car, intending thereafter to fasten it to the rear axle of his own car. He had a space of seven feet by five and one-half feet (the width of the cars) to do it in.

He testified that he knelt down on his right knee, with his head under the Donaldson car and his left leg extending out beyond the car, into the line of northbound traffic. While in this position for two or three minutes, his left heel was struck by one of defendant's busses, traveling northward on 16th Street. The impact knocked off his shoe and rolled him over on his stomach, causing him injury for which he sought a recovery in this action.

Plaintiff gave no reason why he put his leg and foot

out into the line of northbound traffic. He was five feet, seven inches tall and there was ample room for him to extend his leg in the seven foot space between the two automobiles. If he unnecessarily placed his body in a position of danger and thus contributed to the accident which caused the injury, he was guilty of contributory negligence and cannot recover from the defendant: *O'Malley v. Quaker City Cabs, Inc.*, 107 Pa. Superior Ct. 380, 163 A. 339, allocatur refused by Supreme Court, 107 Pa. Superior Ct. xxv; *Weiner v. Phila. R. T. Co.*, 310 Pa. 415, 165 A. 252.

The appellant has not raised in this appeal the question of the negligence of the driver of the bus in failing to notice plaintiff's foot protruding out into the street beyond the Donaldson car. It relies solely on the plaintiff's contributory negligence. We are satisfied that the plaintiff's act contributed to the injury, and that in the circumstances here present, it was negligence for him to put his foot out into the street where it was liable to be hit by vehicles moving northward.

These facts distinguish this case from those chiefly relied on by the appellee and the court below.

In *Reisinger v. McConnell*, 265 Pa. 565, 109 A. 280, the plaintiff was back of his parked car—out of the direct line of traffic—helping to put a tire in the tire holder at the rear, when defendant's car, coming from behind and negligently driven collided with plaintiff's car and caught him between the two machines.

In *Roberts, Admx. v. Freihofer Baking Co.*, 283 Pa. 573, 129 A. 574, the plaintiff's decedent was employed as a mechanic to repair a disabled autobus by replacing a broken rear axle with a new one. In order to do the work he was *obliged* to place himself on the right hand side of the car, where he was hit by defendant's truck traveling at an excessive speed, and killed. The place was well lighted by nearby electric lights, in addition to three red lights at the rear of the bus, where Roberts was at work. The bus was visible to approach-

452

ing traffic for 500 feet; and the red lights and Roberts were also in plain sight of defendant's truck driver long enough to enable him to avoid the accident.

The assignments of error are sustained and judgment is now entered for the defendant non obstante veredicto.