Ross et vir. *v.* Pittsburgh Motor Coach
Company, Appellant.

Argued April 13, 1944.   Before KELLER, P. J., BALD-
RIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*Daniel H. McConnell,* for appellant.

*Coleman Harrison,* for appellees.

OPINION BY JAMES, J., September 28, 1944:

This is an action in trespass brought by plaintiffs, husband and wife, to recover damages for personal injuries received by the wife in a collision involving the defendant's bus and the plaintiffs' automobile. After a verdict in favor of each plaintiff the defendant moved for judgment n. o. v. These motions were denied. From the refusal of these motions appeals were taken and the sole question, as stated by the appellant, was whether the woman plaintiff was guilty of contributory negligence as a matter of law in assuming position in the cartway prior to the accident and in not observing her surroundings. In reviewing the denial of these motions we have repeatedly held that the testimony must be read in a light most advantageous to plaintiffs, and all conflicts therein must be resolved in their favor, and they must be given the benefit of every fact and inference of fact pertaining to the issues involved which may be reasonably deduced from the evidence.

Considered in this light the relevant testimony is as follows: The accident occurred at about 1:30 on the Saturday afternoon of February 7, 1942, in the shopping district of Pittsburgh on Diamond Street, a one-way street with traffic moving in a westerly direction towards Smithfield Street on a descending grade of about

five percent. At the point of the accident Diamond Street is 34 feet 5½ inches wide with a street car track located nearer to the north or right-hand curb. The distance between the southerly rail and the southerly curb is 19 feet 5 inches. Louis N. Ross and Mary C. Ross, husband and wife, with their young daughter, had driven into Pittsburgh in a four door car to shop and the husband had let the wife and child out of the car on Diamond Street on the left-hand side at the curb. This was about 12:30 P. M. About 1:30 the husband returned to the same spot, about half-way between Smithfield Street and Cherry Alley, which is a distance of 254 feet, and sat in the automobile awaiting the return of his wife and child. When the wife and daughter returned the wife first went to the rear door along the curb but owing to packages which had been placed in the rear part of the automobile by her husband she turned with the child, went around in front of the car to the traffic side of the automobile. Noting that no traffic was on the street lane although traffic was moving slowly in the trolley track lane she proceeded into the street, walked along side the car to the rear door and after opening the rear side door, she placed the child in the back seat. Then she looked up the street again, saw that traffic still was restricted to the track lane and observing a bus about 100 feet to 150 feet away behind the other traffic in that lane, closed the rear door and started to get into the front door which, according to her testimony, she opened, but which her husband testified he had opened. Just then Mr. Ross shouted, "Look out, Mary" and almost immediately afterwards the bus struck Mrs. Ross on the right shoulder. According to Mr. Ross, and a witness sitting on a nearby wall, the driver had swerved his bus away from the traffic line into the clear lane on the left, behind the parked car, in order to pass the slow moving vehicles, and as he approached the automobile of the

plaintiffs the bus swung to the right, throwing Mrs. Ross against the car.

In addition to these circumstances, as narrated by plaintiffs' witnesses, the driver of the bus testified that he saw the parked automobile and the mother and child standing on the street; that he stopped the bus about at the point of the automobile and touched his horn; that he saw Mrs. Ross place the child in the automobile and that then she pulled the front door towards the automobile and stepped close to the side of the car for him to pass. According to his testimony there was room to pass but as he was driving by he heard a bump and stopped his car just beyond the front of the plaintiffs' automobile. The door of the automobile was wedged against the side of the bus.

Under these circumstances the court below would not have been justified in declaring this plaintiff guilty of contributory negligence as a matter of law unless her negligence was so palpable that there was no room for fair and sensible men to differ as to their conclusion as to it. *Tancredi v. M. Buten & Sons,* 350 Pa. 35, 39, 38 A. (2d) 55. Even as a pedestrian is not negligent as a matter of law for crossing a street between intersections, (*Hamilton v. Moore,* 335 Pa. 433, 6 A. (2d) 787; *Dempsey v. Cuneo Eastern Press Ink Co.,* 318 Pa. 557, 179 A. 220; *Anderson v. Wood,* 264 Pa. 98, 107 A. 658) so may an intended occupant of an automobile walk into the street in order to enter a car from the street side if he does not thereby place himself in a position of danger. "However, crossing at an unusual place or in an unusual manner imposes upon him a greater burden of care, and before attempting to do so he should use his faculties to ascertain the position of traffic therein." *Lamont v. Adams Express Co.,* 264 Pa. 17, 20, 107 A. 373; *Pinto v. Bell Fruit Co.,* 148 Pa. Superior Ct. 132, 24 A. (2d) 768. If, after, looking and listening

one is reasonably satisfied that no danger is apparent, negligence is not inherent in the decision to enter through the door adjacent to traffic in preference to moving and shoving packages and bundles aside. The reasonable man does not necessarily follow the line of absolute safety; he may be satisfied with pursuing a course which, under the circumstances, offers comparative safety with a minimum of personal inconvenience. The matter, at any rate, was for the jury. "If there is any question as to whether plaintiff's position was dangerous, as lacking in the exercise of the care required under the circumstances and contributed to the injury, it is for the jury to determine. *Robinson v. American Ice Co.*, 292 Pa. 366, 141 A. 244.

Nor can we say that the evidence discloses a lack of observation sufficient to convict Mrs. Ross of negligence. Undoubtedly "If there was nothing to distract plaintiff's attention, it was his duty to maintain observation of the position of approaching vehicles." *Pinto v. Bell Fruit Co.*, supra, at page 136; *Gajewski v. Lightner*, 341 Pa. 514, 19 A. (2d) 355. Still "the rule that plaintiff must 'look and continue to look' does not require something humanly impossible; nor is it a rule requiring observance with universal uniformity or with mathematical precision." *Cunningham v. Spangler*, 123 Pa. Superior Ct. 151, 156, 186 A. 173. When Mrs. Ross last observed the bus, it was approaching 100 or 150 feet away behind other slow moving vehicles. She could reasonably conclude that, under these circumstances, in a crowded shopping section, she might safely turn her head for four or five seconds—enough time for a bus traveling at 25 miles per hour to cross 100 or 150 feet—in order to enter the car. In entering the front door she had to face in the opposite direction and she had the right to assume that the driver of a car, who turned from the line of traffic, would act with reasonable prudence and not run her down. She was clearly observable to the driver and knowing that she was in a

position of danger he owed her the duty to avoid striking her. This is not the case of stepping back into the path of a street car, as in *Weiner v. Phila. Rapid Transit Co.*, 310 Pa. 415, 165 A. 252. As she was about to enter the car through the front door, away from the passing bus, she was struck by the bus. Under the driver's own testimony he had seen Mrs. Ross, stopped the bus, blown his horn and then proceeded onward. Considering all of this testimony, it was not difficult for the jury to reach the conclusion that the bus driver, instead of recognizing the danger to Mrs. Ross, proceeded on his way to cut by the standing automobile in an effort to pass the traffic slowed up by the street car. His desire to avoid the traffic was more important than avoiding the danger to Mrs. Ross. Finding Mrs. Ross in this dangerous position he took the risk in proceeding.

"The failure to anticipate negligence which results in injury is not negligence and will not defeat an action for the injury sustained. A party is not bound to guard against the want of ordinary care on the part of another; he has a right to presume that ordinary care will be used to protect him and his property from injury. No one can complain of want of care in another where care is only rendered necessary by his own wrongful act." *Wagner v. P. R. T. Co.*, 252 Pa. 354, 359, 360, 97 A. 471; *McFadden v. Pennzoil Co.*, 341 Pa. 433, 19 A. (2d) 370; *Weiss v. Pittsburgh Rwys. Co.*, 301 Pa. 539, 152 A. 674. Furthermore, assuming that Mrs. Ross should have continued watching the street, the court cannot declare that her failure to observe was a cause legally contributing to the occurrence of the accident. *Hamilton v. Moore*, 335 Pa. 433, 6 A. (2d) 787. The sudden shift of the bus from behind the Ross car caught Mrs. Ross between the automobile and the bus. Under the stress of an emergency, she might have been justified in reacting to conscious danger in the same manner

as she acted without the apprehension of peril. *Sexauer v. Pittsburgh Rwys. Co.*, 305 Pa. 319, 157 A. 603.

There was a conflict of testimony whether "no parking" or "no stopping" signs were posted along this portion of Diamond Street, and under the qualifications of this appeal, the doubt must be resolved in favor of the plaintiff. There is no need to decide then how their presence should have influenced the judgment of Mrs. Ross.

The few cases cited by the defendant are easily distinguishable. In *Weaver v. Pickering*, 279 Pa. 214, 123 A. 777, the pedestrian failed to look before entering the cartway, and, following a long line of cases, he thereby chose to walk by faith across a street. In *Weiner v. Phila. Rapid Transit Co.*, supra, the plaintiff not only used the door adjacent to the street, but he withdrew his head from inside the truck into the overhang of a passing street car without surveying approaching traffic. Failure to observe and remaining in the cartway where no work of the plaintiff was required was the substance of the contributory negligence in *Greenberg v. McCusker*, 154 Pa. Superior Ct. 36, 35 A. (2d) 81.

Judgments affirmed.