Lonasco, Appellant, *v.* Veill et al.

Argued November 19, 1945. Before BALDRIGE, P. J., RHODES, RENO, DITHRICH, ROSS and ARNOLD, JJ. (HIRT, J., absent).

*Pershing N. Calabro,* with him *Frey & Campbell,* for appellant.

*Samuel C. Nissenbaum* and *I. Nathaniel Treblow,* for appellees.

OPINION BY RHODES, J., January 18, 1946:

This is an appeal by plaintiff from the refusal of the court below to take off a compulsory nonsuit in his action to recover for personal injuries alleged to have resulted from the negligence of defendants. The trial judge entered the nonsuit on two grounds: (1) That plaintiff was guilty of contributory negligence as a matter of law; and (2) that there was no evidence that either of the defendants was negligent.

The defendant Veill was driving a coal truck, and the defendant Lakovich was operating a taxicab; they collided at the intersection of Eleventh and Christian Streets in the city of Philadelphia. As a result the taxi-

cab continued east on Christian Street about 60 feet and came in contact with plaintiff. Eleventh Street is about 75 feet from curb to curb and Christian Street is about 45 feet wide.[1] Eleventh Street runs north and south, and there is a single northbound trolley track thereon. Christian Street is a two-way street running east and west, and traffic is controlled by stop signs on both sides of the intersection. Plaintiff had parked his service truck on the south side of Christian Street about 60 feet east of the intersection, and was engaged in cleaning the snow from the windshield. He was standing with his left foot on the running board and his right foot in the street. Lakovich's taxicab, approaching almost at a right angle to plaintiff's truck, pinned him against his own truck with resulting injuries. Defendant Veill had driven his coal truck past a trolley car standing on Eleventh Street just south of the intersection. Defendant Lakovich drove his taxicab into the intersection without stopping, whereupon the coal truck and the taxicab collided, and the taxicab thereafter proceeded in an irregular course to the point of contact with plaintiff.

We are of the opinion that the question of plaintiff's contributory negligence was for the jury. We cannot say, as a matter of law, that plaintiff failed to exercise reasonable care under the circumstances. The determination of this fact we think is for the jury. The trial judge ruled that plaintiff was guilty of contributory negligence because he got out on the street side of his truck in the face of oncoming traffic. We do not agree that this conduct convicted plaintiff of contributory negligence. It does not appear that there was any other traffic on Christian Street at the time. The driver of the taxicab had a clear view as it proceeded east on Christian Street, and he had 38 to 40 feet of the street within which to pass plaintiff's parked truck. Plaintiff was not bound to anticipate the uncontrolled and negligent approach of the

---

[1] A witness testified to these measurements.

taxicab. *Ross et vir v. Pittsburgh Motor Coach Co.*, 156 Pa. Superior Ct. 45, 50, 39 A. 2d 148. "A man is not necessarily guilty of contributory negligence by being outside the line of his car, while doing some temporary work thereon, although it is in the street": *Riefer v. Niehl Transportation Co.*, 309 Pa. 251, at page 253, 163 A. 529. If there is any question whether plaintiff's position was dangerous and that he failed to exercise the care required under the circumstances and thus contributed to his injury, the matter of such contributory negligence is for the jury. *Robinson v. American Ice Co.*, 292 Pa. 366, 369, 141 A. 244; *Susser v. Wiley et al.*, 350 Pa. 427, 432, 39 A. 2d 616.

The present case is to be distinguished from *Tait v. Philadelphia Transportation Co.*, 153 Pa. Superior Ct. 449, 34 A. 2d 269, upon which reliance is placed by the court below. In that case plaintiff put his leg and foot out in the line of northbound traffic, and we held that he unnecessarily placed his body in a position of danger, and thus contributed to the accident which caused his injury. We are unable, as a matter of law, in the present case to say that plaintiff unnecessarily placed his body in a position of danger, or that his position contributed to the accident. *Greenberg v. McCusker et al.*, 154 Pa. Superior Ct. 36, 35 A. 2d 81, is not controlling. In that case plaintiff stood in the only free lane on a public highway, and for several minutes he did not look to ascertain whether any traffic was coming in his direction.

The trial judge concluded that there was no evidence of negligence in this case. This conclusion is based upon a discussion of the testimony of the plaintiff and two other witnesses who testified at the trial. We are of the opinion that the testimony quoted by the trial judge does not give the plaintiff the benefit to which he is entitled. A reasonable inference from the testimony is that both defendants were negligent in entering the intersection. The coal truck was going north and passed

the trolley car, likewise going north on Eleventh Street, which had stopped at the intersection. This defendant's statutory duty in approaching the trolley car is set forth in the Vehicle Code of May 1, 1929, P. L. 905, §1017 (a), (b), 75 PS §592. The defendant Lakovich entered the intersection without stopping notwithstanding his duty to stop at the stop sign. Section 1016 of the code, 75 PS §591. Both passed the front of the trolley car. Excessive speed and lack of control may be inferred from the distance and manner that the taxicab traveled after the contact with the coal truck and before striking plaintiff. Defendants' freedom from negligence was not so clear as to justify the entry of a compulsory nonsuit on that ground. *Morrison, Jr., et al. v. Philadelphia Transportation Co.,* 353 Pa. 269, 45 A. 2d 18.

The description of what transpired is not entirely complete, and this is not to be attributed solely to plaintiff. The witnesses were subjected to numerous unnecessary general objections which were too frequently sustained to permit the witnesses to testify as to what they saw. Some of the witnesses testified through an interpreter, and the elicitation of the truth was made doubly difficult by the confusion which followed the many objections and the rulings of the court thereon. In *Foster v. Sol Greisler & Sons, Inc.,* 150 Pa. Superior Ct. 509, 29 A. 2d 103, we referred to a similar situation where we said the manner in which the trial was conducted had the effect of depriving plaintiff of a fair submission to the jury of the questions of fact. Much that we said there is applicable to the present situation.

Judgment of nonsuit is reversed, and a new trial is granted.