## McKniff *v.* Wilson, Appellant.

648

Argued May 31, 1961. Before JONES, C. J., BELL, JONES, COHEN, BOK and EAGEN, JJ.

*Edward H. P. Fronefield,* with him *Joseph T. Labrum, Jr.,* and *Lutz, Fronefield, Warner & Bryant,* for appellant.

*Melvin G. Levy,* with him *Albert Blumberg, Donald H. Hamilton,* and *McClenachan, Blumberg & Levy,* for appellee.

OPINION BY MR. JUSTICE EAGEN, July 17, 1961:

Plaintiff was struck and seriously injured by an automobile, operated by the defendant, and sued for damages. Judgment upon the verdict was entered, following the lower court's denial of defendant's motions for judgment non obstante veredicto and a new trial. This appeal followed.

It is argued that plaintiff's own evidence convicts him of contributory negligence as a matter of law.

The accident happened about 12:15 a.m. on May 16, 1954. The weather was clear and dry. At that time, the plaintiff owned and operated a sandwich shop on the northwesterly corner of Ridge Road, and Huddell Street in Linwood, Delaware County. Ridge Road, 42 feet wide, running east and west, consists of four concrete traffic lanes, and parking was permitted in the northernmost lane. Hewes Avenue is the next street west of the intersection of Ridge Road and Huddell Street and intersects Ridge Road from the north only. Ridge Road

is a gradual downgrade in a westerly direction toward Hewes Avenue.

After closing his shop, the plaintiff and his wife walked west on the sidewalk abutting the northerly side of Ridge Road to the point where his automobile was parked, on the northerly side of the street, facing west, about halfway between Huddell Street and Hewes Avenue. After helping his wife into the automobile, the plaintiff turned and walked to the right rear thereof. He stopped on the curb and looked to his left in an easterly direction and then to his right in the opposite direction. No cars were approaching in either direction. Plaintiff then stepped off the curb and proceeded to the left rear end of the car. He again hesitated and looked to his left and his right. The road being clear of oncoming traffic, he walked to the left front door of his car with the intention of entering it. As the plaintiff reached the left-hand front door, he saw, for the first time, the lights of an automobile approaching from an easterly direction. He shouted to his wife, "this car isn't going to stop" and immediately took side steps alongside of his car to get to the front end of it and out of the pathway, being only inches away from his car while so doing. Before he could reach a place of safety, he was struck by the defendant's automobile, traveling west, and as a result was thrown over the hood of his own car, his body coming to rest partially on the sidewalk and partially on the street. There was evidence that the defendant's car was traveling at a rate of speed of 40 miles per hour in a 35 mile per hour zone. Following the accident, the defendant admitted to an investigating police officer that he didn't see the plaintiff until his car hit him. Ridge Road is lighted by four overhead lights in the block involved.

Contributory negligence as a matter of law should be declared only in a very clear case and only where the evidence of such is so clear and palpable that there is

no room for fair and sensible men to differ in their conclusions as to its existence: *Elbell v. Smith,* 357 Pa. 490, 55 A. 2d 321 (1947); *Kurtz v. Phila. Transportation Co.,* 394 Pa. 324, 147 A. 2d 347 (1959). This is not such a case.

It is not negligence per se for a pedestrian to cross a public highway or street in the middle of the block: *Nugent v. Joerger,* 387 Pa. 330, 127 A. 2d 697 (1956). Of course, a pedestrian so doing must exercise a greater degree of care than when crossing at an intersection: *Shuman v. Nolfi,* 399 Pa. 211, 159 A. 2d 716 (1960). Neither is it negligence per se for a pedestrian to attempt to enter an automobile parked along the street curb through the door adjacent to the traffic. He is within his rights in so doing, if he is reasonably satisfied that no danger is apparent and the same can be done with safety: *Ross v. Pgh. Motor Coach Co.,* 156 Pa. Superior Ct. 45, 39 A. 2d 148 (1944). See, *Sprague v. Zeck,* 327 Pa. 592, 194 Atl. 904 (1937). Also in such an instance, he has the right to expect that drivers of automobiles on the highway will exercise reasonable care: *Dempsey v. Cuneo E. Press Ink Co.,* 318 Pa. 557, 179 Atl. 220 (1935).

Plaintiff testified that from where his car was parked he could see in an easterly direction to the top of the incline on Ridge Road. He did not know the exact distance this included but did specifically admit that it was longer than the length of the court room, wherein the case was tried, which is admittedly 50 feet. A police officer called as a witness for the defense testified that the grade on Ridge Road begins east of Huddell Street at Green Street (distance not given) and that from a point halfway between Huddell Street and Hewes Avenue, a person can see in an easterly direction for a distance of 1000 feet. Thus, it is argued that, in view of this visibility, if plaintiff had looked he would have seen the approach of the defendant's car before

stepping into the roadway and could have avoided the danger. But the plaintiff's evidence did not establish that visibility to the east existed for a distance of 1000 feet. The plaintiff testified that he could see for a distance of more than 50 feet, but was unable to state that he could see for a distance of 100 feet. Thus, there was a conflict between the testimony of the plaintiff and the evidence of the defendant as to the extent of the visibility to the east. The jury apparently resolved the conflict in favor of the plaintiff. In determining the merits of a motion for judgment n.o.v., the verdict-winner is entitled to the benefit of all facts and inferences reasonably following from the testimony: *Ashcraft v. C. G. Hussey and Co.*, 359 Pa. 129, 58 A. 2d 170 (1948). The burden of establishing that the plaintiff was guilty of contributory negligence was upon the defendant. Also one must bear in mind that a vehicle traveling 40 miles per hour covers a distance of approximately 58 feet every second and it is within the realm of possibility that the defendant's car was not in sight when the plaintiff looked to the east before proceeding to the door of his car, even if we assume that plaintiff's visibility to the east was greater than he admitted it to be. At least, it was a jury question. See *Mazi v. McAnlis*, 365 Pa. 114, 74 A. 2d 108 (1950) ; *Lonasco v. Veill*, 158 Pa. Superior Ct. 456, 45 A. 2d 417 (1946) ; and, *Claypool v. Schrecengost*, 181 Pa. Superior Ct. 1, 121 A. 2d 603 (1956).

While the motion for judgment n.o.v. was properly overruled, we are convinced that a new trial is required because of certain unfortunate errors committed during the trial. The jury's verdict as broken down awarded the plaintiff $4,075.50 for medical expenses; $10,000 for pain and suffering; $50,000 for loss of earnings. It is readily apparent that the claim for future loss of earning capacity figured significantly in the jury's deliberation and verdict.

During the trial, counsel entered into a stipulation that life expectancy tables indicated an individual of plaintiff's age, as of the date of trial, enjoyed a life expectancy of 33.44 years. Counsel for the defendant clearly intended to agree that these tables expressed only an average proposition and, specifically, called that fact to the court's attention at the time the stipulation was noted of record. In charging the jury, the trial judge inadvertently assumed that counsel had agreed that plaintiff's life expectancy was definitely fixed at 33.44 years as the tables indicated. In view of this, he failed to charge the jury that tables of this nature were merely an aid to the jury, and totally ignored instructions as to the variables that necessarily must also be taken into consideration in determining the possible duration of life. This, of course, was error. See *McCaffrey v. Schwartz*, 285 Pa. 561, 132 Atl. 810 (1926), and cases following in its train. Counsel for the defendant remained silent and did not call this mistake to the attention of the court. However, in *DiPietro v. Great Atlantic & Pacific Tea Co.*, 315 Pa. 209, 173 Atl. 165 (1934), this Court held that such error is basic and fundamental, and is covered by a general exception to the charge as was taken herein.

In addition, the charge was inadequate in another important respect. The accident, in suit, occurred on May 6, 1954. According to the plaintiff's medical testimony, he suffered a ruptured disc causing pressure on the nerve roots in the fourth and fifth lumbar region. In the opinion of plaintiff's doctors, this resulted in total disability which would continue indefinitely. However, plaintiff also suffered injury in a second accident, while a passenger in an automobile in Washington, D. C. in April, 1957. One doctor described this second injury as a sudden trauma to the neck muscles with a "whiplash effect on his neck and body." It is a reasonable conclusion from the testimony that this, at least, ag-

gravated the original condition. Defense counsel submitted points for charge saying that the verdict in this case could not include compensation for injuries caused by the second accident. The Court refused the requests saying, in effect, that the matter had been covered in the general charge. If this were correct, of course, there was no need to repeat the instructions. See, *Woldow v. Dever*, 374 Pa. 370, 97 A. 2d 777 (1953). But, we are not so convinced. We do not feel that the charge was adequate and sufficiently clear in this respect. This was an important factor in the case and called for careful and ample instructions. See, *McAllister v. The Penna. R.R. Co.*, 324 Pa. 65, 187 Atl. 415 (1936). While the submitted points were not very clear in themselves, the trial court should have utilized language of its own in pointedly defining this issue.

Since the meritorious assignments of error involve only the question of damages, the new trial should concern that question alone.

Judgment reversed. New trial ordered limited to the question of damages.