Opinion by
 

 Ervin, J.,
 

 In this trespass case Michael and Marjorie Stranko, husband and wife, sued for injuries sustained by the wife-plaintiff on December 4, 1960 and obtained a verdict against the defendant, Marty Sugerman. After refusing a motion for judgment n.o.v., judgment was entered on the verdict. The defendant appealed.
 

 The verdict of the jury having been in favor of plaintiffs, the plaintiffs are entitled to the benefit of all facts and inferences reasonably following from the testimony:
 
 Ashcraft v. C. G. Hussey and Co.,
 
 359 Pa. 129, 58 A. 2d 170. So considered the facts are as follows :
 

 On the night of December 4, 1960, at about eleven o’clock, plaintiff, Mrs. Stranko, was getting into her automobile, which was stopped facing west on
 
 the
 
 
 *367
 
 northerly side of Deacon Street in Scranton at a distance approximately 40 feet east of the intersection of-Deacon Street and Sanderson Avenne. She had just, purchased groceries at a store located at the northeast porner of that intersection. Upon returning to her car, she crossed in front of it, after observing no traffic: coming in either direction. She then passed along the left front end of her car until she reached the driver’s door and opened it “just enough for me to clear it, to get in,” deposited her groceries to the rear of the driver’s seat, it being a two-door car. She then proceeded to enter, placing her right foot in the car while facing forward, after which an impact against the doOr threw her into an upright sitting position behind the steering wheel with the severed portion of her right ear in her lap.
 

 The defendant, Marty Sugerman, had been traveling south on Sanderson Avenue and made a left turn eastwardly into Deacon Street. As defendant proceeded east along Deacon Street, which was 25 feet wide, he struck the driver’s door of plaintiff’s car while it was slightly ajar, and had been so while the Sugerman car traveled at least 15 feet before striking it. Defendant heard a slight noise, which made him pull over and stop his car and go over to see if Mrs. Stranko needed any help. The contact caused a dent a little below the handle of the door on the driver’s side.
 

 The defendant’s first contention is that the plaintiffs have failed to prove that defendant’s negligence was the proximate cause of the wife-plaintiff’s injuries. He first argues that the plaintiffs have failed to prove that the defendant’s vehicle struck plaintiff’s vehicle. Under all the circumstances in the case, the jury could very properly draw the inference that defendant’s vehicle struck plaintiff’s vehicle.
 

 Defendant next contends that the plaintiffs failed to prove that the defendant was negligent. We approve
 
 *368
 
 the following language of the court below as to this contention: “At the time cars were parked on the southerly side of Deacon Street, so that it is obvious that defendant’s passageway would (giving a reasonable allowance from curb to wheel distance) be restricted to about twelve feet, and in the pursuance of careful driving would require him to cross the center line .of the street in order to accomplish a safe pass of the parked cars.
 

 “The questions of how far over the center line defendant had crossed, whether actual impact between his car and plaintiff’s door had actually occurred and how far plaintiff’s door extended into the roadway were in dispute but as we see it were all for the jury, and in view of defendant’s duty not to. proceed over the center line to the left side of the highway unless such left side is clearly visible and free of oncoming traffic for a sufficient distance ahead to permit such passage in safety, the jury, under the evidentiary situation favorable to plaintiff, could find the defendant negligent.” See §§1004 and 1008a of The Vehicle Code, 75 PS §§1004, 1008a.
 

 The defendant also contends that the plaintiff was guilty of contributory negligence as a matter of law. Neither the fact that she stopped in a “No Parking” area nor entered her car from the left, the traffic side of the road, are in themselves sufficient to charge plaintiff with contributory negligence as a matter of law. 'The violation of the “No Parking” provision must involve some causal relation to the accident and under the facts and circumstances of this case that was a question for the jury.
 

 In the recent case of
 
 McKniff v. Wilson,
 
 404 Pa. 647, 651, 172 A. 2d 801, Mr. Justice Eagen said: “Neither is it negligence per se for a pedestrian to attempt to enter an automobile parked along the street, curb through the door adjacent to the traffic. He is within
 
 *369
 
 Ms rights in so doing, if he is reasonably satisfied that no danger is apparent and the same can be done with safety: Ross v. Pgh. Motor Coach Co., 156 Pa. Superior Ct. 45, 39 A. 2d 148 (1944). See Sprague v. Zeck, 327 Pa. 592, 194 Atl. 904 (1937). Also in such an instance, he has the right to expect that drivers of automobiles on the highway will exercise reasonable care: Dempsey v. Cuneo E. Press Ink Co., 318 Pa. 557, 179 Atl. 220 (1935).”
 

 In the present case it is clear that the plaintiff had almost completed her entry into her automobile before the impact occurred. She looked both ways before entering the street and there was no oncoming traffic from either direction. At the time she looked, the jury could have found that the defendant’s car had not yet come around the corner from Sanderson Avenue onto Deacon Street. Plaintiff’s car was parked only 40 feet distant, east of Sanderson Avenue. Once having passed around the front of her car and along the left front end of it, it would have done her no good to look because she was then in the path of danger. She immediately opened her car door and endeavored to get out of the highway. That was all any reasonably prudent person could be expected to do. The evidence of contributory negligence is not “so clear and palpable that there is no room for fair and sensible men to differ in their conclusions as to its existence”:
 
 McKniff v. Wilson,
 
 supra, at pages 650, 651.
 

 The distinguishing feature between the instant case and the cases cited by the appellant is that in the present case the vehicles were headed in opposite directions, whereas in the other cases they were headed in the same direction, and that in the present case the car door was being closed and not suddenly opened in front of a car approaching from the rear.
 

 Under all the circumstances and facts of the present case, we are convinced that both the question of
 
 *370
 
 defendant’s negligence and of plaintiff’s contributory negligence were for
 
 the
 
 jury.
 

 Judgment affirmed.