## Prince, Appellant, *v.* McNeal.

Argued March 16, 1966. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*J. L. Weisman,* with him *Samuel Avins,* and *Avins & Weisman,* for appellant.

*James A. McGregor,* with him *Reed, Egler, McGregor & Reinstadtler,* for appellee.

OPINION BY MR. JUSTICE EAGEN, April 19, 1966:

In this personal injury action, the jury returned a verdict in favor of the defendant. From the judgment entered on the verdict, the plaintiff appeals.

The accident occurred on October 5, 1958, about 2:30 a.m. o'clock on Wylie Avenue in the City of Pittsburgh. The plaintiff after departing from a private club was about to enter an automobile, parked in the roadway between intersections, through the rear door furthest removed from the curb, when she was hit by an automobile allegedly operated by the defendant. The roadway was sufficiently wide to accommodate four vehicles at this point. The testimony was conflicting, but the jury could find therefrom that automobiles were parked on both sides of the street, that the automobile plaintiff intended to enter was "double parked", and that at the time of the accident plaintiff was out in the middle of the thoroughfare.

The plaintiff, in asking reversal of the judgment below, complains that it was error for the trial judge to submit the question of contributory negligence to the jury. We find no merit in this contention.

It is not negligence per se for an individual to attempt to enter an automobile in the roadway through the door adjacent to traffic: *McKniff v. Wilson,* 404 Pa. 647, 172 A. 2d 801 (1961). However, the individual so doing must exercise such care as ordinarily prudent persons would use under like circumstances. Further, if there is any question whether the injured person's position was dangerous, showed a lack of the exercise of due care under the circumstances, and contributed to the injury, the issue of contributory negligence is for the jury: *McKniff v. Wilson,* supra; *Stranko v. Sugerman,* 202 Pa. Superior Ct. 365, 195 A. 2d 838 (1963); and, *Ross v. Pgh. Motor Coach Co.,* 156 Pa. Superior Ct. 45, 39 A. 2d 148 (1944).

Judgment affirmed.

Mr. Justice MUSMANNO dissents.