Joseph **STANCHIS**, Plaintiff,

v.

**HESS OIL & CHEMICAL COMPANY, Inc., Defendant, Third-Party Plaintiff,**

v.

George **SCHWARTZ**, Third-Party Defendant.

George **SCHWARTZ**, Plaintiff,

v.

**HESS OIL & CHEMICAL COMPANY, Inc., Defendant.**

**Civ. Nos. 8307, 8747.**

United States District Court
M. D. Pennsylvania.

Oct. 12, 1967.

Harry P. O'Neill, Jr., Scranton, Pa., for Joseph Stanchis.

Warren, Hill, Henkelman & McMenamin, Scranton, Pa., for Hess Oil & Chemical Co., Inc.

Nogi, O'Malley & Harris, Scranton, Pa., for George Schwartz.

## OPINION

SHERIDAN, Chief Judge.

These are motions for judgment n. o. v. or for a new trial by Hess Oil & Chemical Company, Inc. (Hess) in separate negligence actions for personal injuries brought against it by Joseph Stanchis and George Schwartz. Judgment was entered in favor of Stanchis [1] and against Hess on a jury verdict of $57,877.66, and in favor of Schwartz, third party defendant, and against Hess, third party plaintiff; judgment was entered in favor of Schwartz [2] and against Hess on a jury verdict of $2,000.

1. No. 8307 Civil.

2. No. 8747 Civil.

The buildings and premises of Hess are located on North Keyser Avenue, a two lane highway in Scranton, Pennsylvania, and an artery for traffic in and from the City. At approximately 5:00 A.M. on February 23, 1963, while darkness prevailed, an employee of Hess, unable to start one of its tractor-trailers, had it pushed up an incline on the Hess property onto North Keyser Avenue and then permitted it to coast downhill in a southerly direction. It failed to start and came to rest at the bottom of a hill, blocking the entire southbound lane of North Keyser Avenue. Shortly thereafter, a motor vehicle, operated by Schwartz with Stanchis as a passenger, was proceeding in southerly direction on North Keyser Avenue, with headlights on low beam and at a moderate rate of speed within the prevailing speed limit. Schwartz did not become aware of the disabled vehicle until he was approximately 100 feet North of it. Although he applied his brakes and swerved to the left, he was unable to avoid a collision and the right front of his vehicle came in contact with the rear of the trailer. There was evidence that the tractor-trailer was without lights, that there was no flashing of lights, and that red electric lanterns or portable emergency reflectors were not placed on the highway to warn other vehicles even though the tractor-trailer remained stalled on the highway while arrangements were being made to obtain another tractor to push it in a further attempt to get it started.

The actions against Hess charged negligence in failing to have its vehicle properly lighted and in failing to give warning of a disabled vehicle in violation of certain provisions of the Pennsylvania Motor Vehicle Code.[3] In the Stanchis action Hess joined Schwartz as a third party defendant alleging the accident was caused by the negligence of Schwartz. In the Schwartz action Hess raised the contributory negligence of Schwartz as a defense. Defendant paid the Stanchis verdict, but contends that Schwartz' own testimony convicts him of a violation of Section 1002(a) of the Motor Vehicle Code, which renders him negligent and liable for contribution, and also prevents recovery in his own action.

Section 1002(a) of the Pennsylvania Motor Vehicle Code, 75 P.S. § 1002(a), provides:

"Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed, not greater than nor less than is reasonable and proper, having due regard to the traffic surface, and width of the highway, and of any other restrictions or conditions then and there existing; and no person shall drive any vehicle, upon a highway at such a speed as to endanger the life, limb, or property of any person, nor at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead."

In defining "assured clear distance" the Pennsylvania Supreme Court has said that this section requires that the driver operate his automobile at such a rate of speed and in such a manner that he can always stop it within the distance that he can clearly see. "By this is meant the range of the driver's vision which, of course, in darkness is the scope of his headlights." Enfield v. Stout, 1960, 400 Pa. 6, 11, 161 A.2d 22, 25. Hess relies on the testimony of Schwartz that he first saw the trailer when he was able to pick it up about 100–110 feet distant, the range of his low beam headlights, and that his view was not obstructed. There was testimony by a photographer that in daylight there is a view of the scene of the accident from the top of the knoll 1,000 feet to the North and by a Scranton police officer that a driver proceeding South would have a view of about 700 feet as he approached the point of impact. The evidence was sufficient to submit the question of Schwartz' negligence and contributory negligence to the jury, but it was not sufficient for the court to declare Schwartz negligent and contributorily negligent as a matter of law.

3. 75 P.S. §§ 801, 836.

In order for Hess to obtain contribution from Schwartz, it must appear not only that Hess and Schwartz were concurrently negligent, but that the negligence of each was a proximate cause of the accident. Potere v. City of Philadelphia, 1955, 380 Pa. 581, 112 A.2d 100; Coyne v. Pittsburgh Rys. Co., 1958, 393 Pa. 326, 141 A.2d 830; Fehrs v. McKeesport, 1935, 318 Pa. 279, 178 A. 380. In Coyne v. Pittsburgh Rys. Co., supra, the court said:

"* * * Proximate cause is peculiarly a jury question. It is usually defined as 'That which, in a natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred.' * * *

"Equally as relevant is this Court's pronouncement in the case of Burrell Tp. v. Uncapher, 117 Pa. 353, 363, 11 A. 619, 621, where we said: ' "If the defendant's negligence concurred with some other event (other than the plaintiff's fault) to produce the plaintiff's injury, so that it clearly appears that but for such negligence the injury would not have happened, *and both circumstances are closely connected with the injury in the order of events,* the defendant is responsible, even though his negligent act was not the nearest cause in the order of time." ' "

In addition, the jury might have concluded that Schwartz found himself in an emergency not of his own making. In Noll v. Marian, 1943, 347 Pa. 213, 32 A. 2d 18, the court said:

"The rule applicable here is that negligence may not be implied where one, because of the shortness of time in which to form judgment in an emergency not created by his negligence, fails to act in the most judicious manner. We said in Polonofsky v. Dobrosky, 313 Pa. 73, 76, 169 A. 93: 'This was all so sudden and unusual a situation that this defendant comes within the rule laid down in the case of Wilson v. Consolidated Beef Co., 295 Pa. 168, 145 A. 81, and kindred cases, to the effect that negligence may not be implied because of failure to perform a duty so suddenly and unexpectedly arising that there was no opportunity to apprehend the situation and to act according to the exigency. When one finds himself in a position of danger which is not the result of his negligence he is not responsible if he makes a mistake in judgment in getting out. An honest exercise of judgment is all that is required of him even if he could have done better had he had time to deliberate.' "

Finally, the assured clear distance rule does not require the impossible of a nighttime driver. In Fleischman v. City of Reading, 1957, 388 Pa. 183, 130 A.2d 429, the court said:

"* * * * 'Assured clear distance ahead' means only what is says: a clear distance that is assured, that is, one that can reasonably be depended on. The rule does not mean that the motorist must carry in his mind every possible series of combinations which could conspire against him, and that he must transport ready-made solutions to overcome all fortuitous hazards which suddenly face him. *Assured* does not mean *guaranteed.* * * * "

And in Schofield v. Druschel, 1948, 359 Pa. 630, 59 A.2d 919, the court said:

"Appellant's contention that appellee violated Section 1002 of the Vehicle Code and was guilty of contributory negligence as a matter of law, cannot be sustained. *This Court has repeatedly held that a driver at night is not bound to anticipate all possibilities.* It is the duty of the driver of a vehicle to have his car under control at all times. Having one's car under control means that in any situation reasonably likely to arise he will be able to stop his car before doing injury to any person or property: Reidinger v. Lewis Jones, Inc., 353 Pa. 298, 299, 45 A.2d 3; Galliano v. East Penn Electric Co., 303 Pa. 498, 503, 154 A. 805, 807. This rule is applicable to all drivers of motor vehicles: Reidinger v. Lewis Jones, Inc., supra. One is not bound to anticipate negligence of another. More particu-

larly, Schofield was not bound to anticipate that Druschel would violate the Motor Vehicle Code by driving on his wrong side of the road *and without lights. It cannot be said as a matter of law that this was a situation 'reasonably likely to arise under the circumstances.'"* (Footnote omitted. Emphasis supplied.)

In Ferne v. Chadderton, 1949, 363 Pa. 191, 69 A.2d 104, a truck, disabled on the roadway, was in such a position, due to the contour and curves of the roadway, that its lights could not be seen by approaching vehicles. There were no flares. There was testimony that the headlights of a vehicle coming around a curve in the road would not bring the truck into view at a distance of more than 100 feet. Plaintiff's decedent came around the curve, saw the truck about 100 feet ahead, applied his brakes and skidded into the guardrail. The court said:

"* * * It is also clear that the failure to place the flares was the proximate cause of the accident, or at least a jury might so find, Helmick v. South Union Township, 323 Pa. 433, 439, 185 A. 609, 611, since, acording to the testimony of one of plaintiff's witnesses, the headlights of a vehicle coming around the bend in the road would not bring the disabled truck into view at a distance of more than approximately 100 feet, so that the operator of a vehicle approaching on the down grade of the hill might well feel the necessity of stopping abruptly, with the resulting likelihood of his skidding on the icy road. Nor is there any evidence in the case to convict decedent of contributory negligence, since his truck was being operated at a moderate rate of speed, and, in attempting to make a quick stop, he was acting in what was apparently an emergency situation. Defendants' motions for judgment n. o. v. were therefore properly overruled."

■ In view of the issues of the violation of the assured clear distance rule, with all its ramifications, concurrent negligence, proximate cause and sudden emergency, this court cannot say that "reasonable men could [not] differ" with respect to the "scope of the risk reasonably to be perceived." McNello v. John B. Kelly, Inc., 3 Cir. 1960, 283 F.2d 96, 100. The jury was fully instructed on the law on these issues which were for their consideration. Coyne v. Pittsburgh Rys. Co., supra. Helmick v. South Union Twp., 1936, 323 Pa. 433, 185 A. 609; Rohay v. Breyak, 1963, 409 Pa. 568, 186 A.2d 913; Schofield v. Druschel, supra; Larkin v. May Dept. Stores Co., 3 Cir., 1958, 250 F.2d 948.

■■ In the Schwartz action there were the same issues of negligence, assured clear distance, and sudden emergency, and in addition contributory negligence. Under Pennsylvania law, which governed this diversity action, contributory negligence need not be the proximate cause of the accident, but need only contribute in any degree, however slight, before recovery is barred. McDonald v. Ferrebee, 1951, 366 Pa. 543, 79 A.2d 232. Contributory negligence as a matter of law should be declared only in a very clear case where there is no room for reasonable men to differ. Niklas v. Zarnick, 1963, 411 Pa. 205, 191 A.2d 414; Thorton v. Aronoff, 3 Cir. 1960, 279 F.2d 39. Contributory negligence was properly submitted to the jury. Johnson v. Pennsylvania R. R. Co., 1960, 399 Pa. 436, 160 A.2d 694; Prince v. McNeal, 1966, 421 Pa. 126, 218 A.2d 775; Mazi v. McAnlis, 1950, 365 Pa. 114, 74 A.2d 108.

The motions for judgment n. o. v. will be denied. Morris Brothers Lumber Co. v. Eakin, 3 Cir. 1959, 262 F.2d 259. Since no other reasons were advanced in support of Hess' motions for a new trial, there is nothing to persuade the court in its discretion to grant them. 6A Moore, Federal Practice para. 59.08[5] (2d ed.).

It is not necessary to consider Schwartz' argument that Hess failed to properly conform with Rules 50(a) and (b) of the Federal Rules of Civil Procedure concerning motions for a directed verdict and for judgment n. o. v.

An appropriate order will issue.