Joseph STANCHIS

v.

HESS OIL & CHEMICAL COMPANY, Inc. (Defendant & Third Party Plaintiff), Appellant,

v.

George SCHWARTZ, (Third-Party Defendant).

George SCHWARTZ

v.

HESS OIL & CHEMICAL COMPANY, Inc., Appellant.

Nos. 17041, 17042.

United States Court of Appeals Third Circuit.

Argued Sept. 19, 1968.

Decided Oct. 11, 1968.

---

Hugh J. McMenamin, Warren, Hill, Henkelman & McMenamin, Scranton, Pa., for appellant.

Paul A. Barrett, Nogi, O'Malley & Harris, Scranton, Pa. (Eugene Nogi and Irving L. Epstein, Scranton, Pa., on the brief), for appellee.

Before McLAUGHLIN, KALODNER and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

A truck owned by Hess Oil & Chemical Company stalled on company premises and an attempt was made to start it by pushing it on a public street. After this proved unsuccessful, the disabled truck was left unattended and unlighted on the travelled portion of the two-lane highway; and after nightfall, no flares and reflectors were placed to warn approaching traffic.[1]

That night Schwartz operated an automobile along this road with Stanchis as a passenger. While he was travelling within the speed limit, his headlights picked up an obstacle some 100 feet to his front and although he attempted to swerve when he discovered that the unlighted object was the stopped truck, a collision occurred in which both he and his passenger sustained injuries and damages.

After separate diversity suits were entered in the District Court by Stanchis and Schwartz against Hess, the original defendant joined Schwartz as a third party defendant in the Stanchis suit. The cases were consolidated for trial.

In the passenger's case, issues of negligence on the part of both defendants were submitted to the jury. In the driver's action, the additional question of his contributory negligence was also submitted for jury determination. The jury returned a verdict in favor of each plaintiff against Hess solely. Before us now is the appeal of Hess contending that in the driver's case, there should have been a ruling of contributory negligence as a matter of law, and that in the passenger's case, there should have been a directed verdict in favor of the original defendant-third party plaintiff against the third party defendant.

Upon a review of the record and contentions of the parties, as well as an

---

1. Section 836(a) of the Pennsylvania Motor Vehicle Code requires all commercial vehicles to be equipped with at least three red flags and three flares or red electric lanterns or three red reflectors, each of which shall be capable of being seen at a distance of not less than six hundred feet. Section 836(d) requires any vehicle which is disabled on the travelled portion of the highway or on the shoulder to place certain of the above described warning devices at strategic locations on either side of the disabled vehicle in order to warn oncoming motorists. Compliance with the above provisions is mandatory and failure to do so subjects the owner of the vehicle to a fine of $25.00. Act of April 29, 1959, P.L. 58, § 836; 75 P.S. § 836, as amended 1961.

**26**

examination of the substantive law of Pennsylvania, under which these cases were tried, we are convinced that the appeals are without merit. Accordingly, the judgments of the District Court, 292 F.Supp. 22 will be affirmed for the reasons stated in the well-reasoned opinion of Chief Judge Michael H. Sheridan.